UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21CR00453 AGF (PLC) |
| | ) | |
| ALLEN WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the Defendant's pretrial motion.   All pretrial motions were referred to United States Magistrate Judge Patricia L. Cohen under 28 U.S.C. § 636(b).   Defendant Allen Williams filed a Motion to Suppress Evidence and Statements.   (Doc. No. 31).   Defendant is charged by Indictment with one count of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §922(g); one count of Possession with Intent to Distribute a Substance Containing Methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and one count of Possession of a Firearm in Furtherance of a Drug-Trafficking Crime, in violation of § 18 U.S.C. 924(c), arising out of a traffic stop on or about November 10, 2020.   (Doc. No. 1).

In his motion to suppress, Defendant asserts that law enforcement lacked reasonable suspicion to support a traffic stop and lacked probable cause to conduct a warrantless search of Defendant's vehicle.   The Government filed a Response in Opposition to Defendant's motion stating that the traffic stop was lawful, and properly extended based on the smell of marijuana and presence of a burnt marijuana joint, and alternatively that the inventory search was valid following Defendant's arrest.

`

Judge Cohen held an evidentiary hearing on December 1, 2022, at which Officer Jonathan Alfaro testified and was subject to cross-examination.   Defendant Williams also testified and was subject to cross-examination.   Following the filing of a transcript of the hearing, the parties submitted post-hearing briefs, and Judge Cohen issued a Report and Recommendation ("R&R"), recommending that Defendant's motion to suppress be denied.   (Doc. No. 54.)   Defendant filed objections to the R&R, challenging the Magistrate Judge's conclusion that Officer Alfaro's testimony was more credible than Defendant's testimony.   (Doc. No. 56).   The Government responded to the Objections.

The witness's conflicting testimony is detailed in the R&R, and will not be repeated here.   Based upon the testimony, the other evidence, including videos and photographs, and the parties' assertions, Judge Cohen found Officer Alfaro's testimony to be credible.   Specifically, Judge Cohen rejected Defendant's assertion that Officer Alfaro pulled him over for no reason, and found that the officer observed Defendant commit violations of the traffic laws in the early morning of November 10, 2020, and properly stopped Defendant.   Judge Cohen further found that the officer was justified in extending the stop and searching Defendant's vehicle, based on facts including Defendant's nervous behavior, and that the officer determined Defendant's license was expired, detected the odor of burnt marijuana in the vehicle and could see a burnt marijuana cigarette in the ashtray, rejecting Defendant's contention that the evidence was "staged" after the fact.   Thereafter, when the officer asked Defendant to exit the vehicle, Defendant expressed an obscenity, started the vehicle and attempted to drive away.   The officer grabbed Defendant's arm, and threatened to use pepper spray, but when Defendant persisted in his efforts to put the car in drive, a second officer who had arrived

at the scene deployed pepper spray, and the resistance ceased.   Defendant was thereafter removed from the vehicle, placed under arrest for failure to comply and resisting arrest, and his vehicle was searched, at which time officers discovered both a firearm and controlled substances.   As such, the Magistrate Judge recommended that the motion to suppress be denied.

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motion to suppress, including a review of the transcript of the hearing and the exhibits introduced at the hearing.[1]   Based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and correctly concluded that Officer Alfaro had probable cause to search Defendant's vehicle.   Based on a review of the record, the Court agrees that the officer had probable cause to stop the vehicle after observing traffic violations, including the fact that he was believed to be exceeding the speed limit, and was thereafter observed failing to maintain his lane and signal while turning.   After the car was stopped, it is undisputed Defendant could not present any driver's license, and that a computer search showed the

---

[1] The Court was initially unable to play the videos that appear on Defendant's Exhibit A, which were played at the evidentiary hearing.   Following consultation with the attorneys, the investigator for Defendant's attorney arranged to play the videos for the undersigned, with counsel for both parties present.   The Exhibit can be played on Windows Media Player Legacy.

license to be expired.   Defendant's explanation that it was a result of a child support dispute and that he was told it would be reinstated and he could drive, does not change the fact that Defendant did not have a valid license.   Defendant also does not dispute that it was 3:00 in the morning, and that he was lost and driving erratically in an area where almost everything was closed, and the record supports the finding that Defendant was nervous.   The record further supports the finding that the officer detected the odor of burnt marijuana, and observed a burnt marijuana cigarette in or near the ashtray.   The Court takes judicial notice that these events occurred before Missouri legalized the possession of marijuana.

Based on these facts, the officer was justified, at a minimum, in extending the stop and asking Defendant to exit the vehicle.   Defendant's actions thereafter, in attempting to drive away, and resisting the arrest, provided probable cause to arrest Defendant.   The officers thereafter had probable cause to search the vehicle.[2]

Defendant's sole objection to the R&R is that the Magistrate Judge concluded that Officer Alfaro's testimony was more credible than Defendant's testimony.   While Defendant also objects to the conclusion that the officer had probable cause to search the vehicle, that objection appears to be based solely on the fact that it relies on Officer Alfaro's testimony, and is not an independent objection to the propriety of such a legal conclusion assuming the officer's testimony is accepted.   But the Court agrees with the

---

[2] The Government also asserted that the search was authorized as a valid inventory search.   Judge Cohen found it unnecessary to reach this issue, having found probable cause to search the vehicle.   While the Court need not reach the issue, based on the record it appears the search would also be authorized as a valid inventory search, as the car was to be towed, and there is no suggestion the policy was not followed.

Magistrate Judge's credibility assessment.   Defendant makes numerous assertions that do not have any independent support in the record.   For example, he contends that he was beaten by the officers at the scene, and that four or five officers had appeared at the scene.   He also has claimed, numerous times, that Officer Alfaro was wearing a body camera, and that additional video exists from commercial establishments near the scene, shown to him by his state defense counsel, and that video from these cameras and the body camera would support his version of the events.   But despite being given additional time to do so, no such evidence was presented post-hearing.   The government, on the other hand, has presented evidence showing that the police department had not purchased the equipment for body or vehicle cameras until after the date of these events, fully corroborating Officer Alfaro's testimony that no such body camera video exists.   For these reasons, and the further reasons stated in the R&R, the Court agrees with and adopts the findings and conclusions of the Magistrate Judge,

Thus, after careful and independent consideration, the Court will overrule Defendant's Objections, and will adopt and sustain the thorough reasoning of Magistrate Judge Cohen set forth in support of her recommended ruling.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [ECF No. 54] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence and Statements [Doc. No. 31] is **DENIED**.

**IT IS FURTHER ORDERED** that this matter remains scheduled for Jury Trial

on **Monday, October 16, 2023 at 9:00 a.m.**[3]   The Court will issue an Order Setting

Forth Criminal Trial Procedures, and scheduling a Final Pretrial Conference, via separate

Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of September, 2023.

---

3 It appears a superseding indictment was filed yesterday.  Should the parties need
additional time to file new motions or to prepare for trial in light of the changes to the
indictment, the Court will extend the trial date upon motion of the parties.